# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 22-50622
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gustavo Limon,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-1212-1

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Gustavo Limon appeals the 27-month sentence of imprisonment imposed following his guilty plea conviction for conspiracy to transport illegal aliens. He argues that the district court erred by denying him an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Although the district court initially agreed with the presentence report's application of that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

adjustment to Limon's sentence, the district court subsequently determined that Limon would not receive that adjustment. Limon did not object to the denial of the adjustment for acceptance of responsibility.

Even when error is preserved, we review the district court's denial of acceptance of responsibility using "a standard even more deferential than a purely clearly erroneous standard." *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003) (internal quotation marks and citation omitted). Under that standard, the district court's denial "should not be disturbed unless it is without foundation." *Id.* (internal quotation marks and citation omitted). However, we review unpreserved challenges under the plain error standard, which a party satisfies by showing an error that is clear or obvious–rather than subject to reasonable dispute–and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If the party makes that showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). The burden of establishing entitlement to relief for plain error is on the party claiming it. *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). Meeting all four prongs of the plain error standard "is difficult, as it should be." *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted).

On appeal, Limon concedes that he erroneously failed to refer to the conspiracy element for his offense of conviction during his presentence report interview, but he contends that the district court should have granted him acceptance of responsibility because he specified during that interview that he accepted responsibility for "this offense" and he had previously admitted to the conspiracy element during his criminal proceedings. However, Limon does not cite to any authority showing that the district court committed clear or obvious error in similar circumstances. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015) (noting that a "lack of binding

No. 22-50622

authority is often dispositive in the plain-error context"). He also fails to address the third or fourth prong of plain error review. Thus, Limon has not met his burden of showing reversible plain error. *See Puckett*, 556 U.S. at 135; *Dominguez Benitez*, 542 U.S. at 82.

Accordingly, the district court's judgment is AFFIRMED.